# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-288-RJC

| | |
|---|---|
| CHRIS ALLEN JONES, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| MICHAEL KOLB, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and a Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 1-2), on May 7, 2012. The Court granted Plaintiff's IFP Motion on May 23, 2012. (Doc. No. 2). For the reasons that follow, the Court dismisses Plaintiff's Complaint sua sponte for failure to state a claim.

Pro se Plaintiff, an inmate at the Albemarle Correctional Institution, filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendant Michael Kolb ("Kolb"), the attorney who represented Plaintiff in his state court criminal trial.[1] Plaintiff alleges in the Complaint that Defendant Kolb rendered ineffective assistance of counsel by, among other things, failing to file a motion "to suppress due to a warrantless and illegal search the cocaine [sic] allegedly found in the jacket." (Doc. No. 1 at 5).

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its

---

[1] The North Carolina Department of Correction website indicates that Plaintiff was convicted of being a habitual felon on January 7, 2010.

frivolity review, this Court must dismiss the Complaint if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

    Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. As its language indicates, Section 1983 applies only to persons acting under color of state law. The law is clear that a defense attorney, whether privately retained, court-appointed, or a public defender, is not amenable to suit under § 1983 because defense counsel does not act under color of state law when performing the traditional functions of counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) (noting the widely held understanding that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"); Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (affirming dismissal of §1983 action against court-appointed attorney as lacking "state action"); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of §1983 action against retained counsel). Plaintiff's claims against Kolb must be dismissed because Kolb did not act under color of state law when serving as Plaintiff's attorney. 42 U.S.C. § 1983.

    **IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED**. The Clerk is directed to close the case.

Signed: June 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge